COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-07-016-CV

 

IN THE MATTER OF                                                                             

 

K.S.                                                                                                  

 

                                              ------------

 

                 FROM
THE PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

K.S. appeals the trial court=s judgment for court-ordered inpatient mental health services and the
court=s order authorizing the administration of psychoactive
medication.  In his issue on appeal,
appellant (1) challenges the legal and factual sufficiency of the evidence to
support some of the jury=s findings
regarding his mental illness, (2) complains that the trial court abused its
discretion by ordering him to receive mental health services as an inpatient
rather than on an outpatient basis, and (3) argues that the trial court=s order authorizing the administration of psychoactive medication does
not comply with section 574.106(a-1) of the health and safety code.  We affirm.








Section 574.035(a) of the
health and safety code provides that a trial judge may order a proposed patient
to receive court-ordered extended inpatient mental health services if the jury
finds from clear and convincing evidence that

(1) the proposed patient is
mentally ill;

(2) as a result of that
mental illness the proposed patient:

(A) is likely to cause serious harm to himself;

(B) is likely to cause serious harm to
others;  or

(C) is:

(i) suffering severe and abnormal mental, emotional, or physical
distress;

(ii) experiencing substantial mental or physical deterioration of the
proposed patient=s
ability to function independently, which is exhibited by the proposed patient=s
inability, except for reasons of indigence, to provide for the proposed patient=s
basic needs, including food, clothing, health, or safety;  and

(iii) unable to make a
rational and informed decision as to whether or not to submit to treatment; and

(3) the proposed=s
patient=s
condition is expected to continue for more than 90 days.[2]

 








Clear and convincing evidence
is that measure or degree of proof that will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought
to be established.[3]  To be clear and convincing under section
574.035(a), the evidence must include expert testimony and evidence of a recent
overt act or a continuing pattern of behavior that tends to confirm (1) the
likelihood of serious harm to the proposed patient or others or (2) the
proposed patient=s distress
and the deterioration of the proposed patient=s ability to function.[4]

In his first complaint,
Appellant challenges the legal and factual sufficiency of the evidence to
support the jury=s findings
that, as a result of his mental illness appellant (1) is likely to cause
serious harm to himself, (2) is likely to cause serious harm to others, and (3)
is unable to make a rational and informed decision as to whether or not to
submit to treatment.[5]

The evidence shows as
follows:








Before his trial on January
3, 2007, appellant had been hospitalized in the state hospital for fifteen
months.  Dr. Emory J. Sobiesk, a hospital
physician who had examined appellant, filed a certificate documenting that
appellant was withdrawn and resisted treatment, often refusing to speak,
suffered from grandiose delusions, and believed that medications are Aevil.@ 

Debbie Wilkinson, a mental
health court liaison, testified that she had met with appellant every three
weeks in the four or five months before trial.[6]  During that time, appellant had refused to
speak with her or discuss his need for treatment because he believed he was a
medical doctor who could meet his own needs. 









Dr. James Shupe, who had
examined and interacted with appellant several times during his fifteen months
in the state hospital, opined that appellant was Aintellectually very bright@ but had a Avery severe@ form of mental illness that interfered with his ability to
function.  Dr. Shupe diagnosed appellant
as suffering from psychotic disorder, not otherwise specified, which was
probably caused by schizophrenia.  Dr.
Shupe testified that appellant suffered from delusions that he was Satan or a
spiritual cardiologist from Princeton, as a result of which he could not
logically discuss his mental illness or understand why he needed any medication
or who was prescribing it.  Dr. Shupe
testified that appellant believed he should not be in the state hospital and
that he was receiving medication there because people were trying to poison and
hurt him.  Thus, Dr. Shupe opined that appellant
lacked the capacity to make decisions regarding the administration of his
medications.

Applying the appropriate
standards of review,[7]
we hold that the State established by clear and convincing evidence that, as a
result of his mental illness, appellant is unable to make a rational and
informed decision as to whether or not to submit to treatment.[8]  Accordingly, we hold that the evidence is
legally and factually sufficient to support the jury=s finding, and we overrule this complaint.

Next, appellant contends that
the trial court abused its discretion by ordering him to submit to inpatient
mental health services rather than being treated on an outpatient basis. 








When, as in this case, the
jury determines that a person is mentally ill and meets the criteria for
court-ordered mental health services, the judge must dismiss the jury and may
hear additional evidence on alternative settings for care before entering an
order relating to the setting for the person=s care.[9]  The judge must order the services provided in
the least restrictive appropriate setting available.[10]  The least restrictive appropriate setting is
the treatment setting that

(1) is available;

(2) provides the patient with the greatest probability of improvement
or cure; and

 

(3) is no more restrictive of the patient=s
physical or social liberties than is necessary to provide the patient with the
most effective treatment and to protect adequately against any danger the
patient poses to himself or others.[11]

 

Further, if the jury finds that the person meets
the commitment criteria prescribed by section 574.035(a), the judge may enter
an order committing the person to a mental health facility for inpatient care.[12]








Here, it is undisputed that
the inpatient mental health services are available.  In addition, Dr. Shupe testified regarding
the risks and benefits of the medications that had been prescribed for
appellant.  Potential side effects include
tardive dyskinesia, a movement disorder, addiction, sedation, physical
instability, liver damage, and kidney damage; however, the hospital uses lab
tests to monitor the patient for these things. 
Regarding benefits, Dr. Shupe testified that they outweighed the risks
because the medications adjust the patient=s thinking and help him fit in with reality so that he can function in
the real world.  Dr. Shupe considered
appellant=s prognosis Asomewhat guarded@ due to his
severe mental illness; but in the past there had been some improvement when
appellant had taken the medications pursuant to a court order.  Further, Dr. Shupe explained that, Afor most people, as long as they=re cooperative, at some point we can find a medicine that will benefit
them.@  Thus, Dr. Shupe believed that
there was a chance that the medications could eventually cause appellant to
improve enough to function safely outside the hospital.








Moreover, Dr. Shupe opined
that, if released from the hospital, appellant would not take his medications
and would not be able to provide for his basic needs due to his mental illness.  Dr. Shupe testified that appellant had not
taken his court-ordered medications for the two weeks before trial and seemed a
little more anxious and disorganized as a result.  Dr. Shupe explained that, even with the
medications, appellant was sometimes aggressive and threatening towards
hospital patients and staff.  Without
treatment, however, appellant would get Amuch worse,@ would
become even more psychotic and impulsive, and would put himself in situations
where he would be a danger to both himself and others by getting into physical
altercations due to his beliefs caused by his mental illness.  For these reasons, Dr. Shupe opined that
court-ordered inpatient treatment with medicationsCrather than outpatient treatmentCwas the least restrictive treatment option available to appellant. 

Having carefully considered
the evidence, we hold that the trial court did not abuse its discretion by
concluding that court-ordered inpatient mental health services were the least
restrictive appropriate setting available to appellant.  Therefore, we overrule appellant=s second complaint.

In his last argument,
appellant complains that the trial court=s order authorizing the administration of psychoactive medication
improperly omits a finding regarding whether appellant presents a danger to
himself or others.  No such finding was
required in this case.








Section 574.106 (a-1)
provides that a trial court may issue an order authorizing psychoactive
medication if the court finds by clear and convincing evidence that the patient
lacks the capacity to make a decision regarding the administration of his
proposed medication, and treatment with the proposed medication is in the
patient=s best interest.[13]  The trial court made this finding in its
order, in full compliance with the statute. 

For the foregoing reasons, we
overrule appellant=s complaints
on appeal.  We affirm the trial court=s judgment for court-ordered inpatient mental health services and the
court=s order authorizing the administration of psychoactive medication.

 

PER CURIAM

 

 

PANEL F:    CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DELIVERED:  July 19, 2007











[1]See Tex. R. App. P. 47.4.





[2]Tex. Health & Safety Code Ann. '
574.035(a) (Vernon Supp. 2006).  When, as
in this case, the proposed patient has already been subject to an order for
extended mental health services, the jury is not required to make a fourth
finding, that the proposed patient has received court‑ordered inpatient
mental health services for at least 60 consecutive days during the preceding
twelve months.  Id. ' 
574.035(a)(4), (d).





[3]Tex. Civ. Prac. & Rem. Code Ann '
41.001(2) (Vernon Supp. 2006); State
v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).





[4]Tex. Health & Safety Code Ann. '
574.035(e).





[5]See
id. '
574.035(a)(2)(A)B(B),
(C)(iii).  Appellant does not challenge
the jury=s
other two findings under section 574.035(a)(2)(C).





[6]Trial
occurred in January 2007. 





[7]See
Diamond Shamrock Ref. Co. v. Hall, 168 S.W.3d 164, 170 (Tex.
2005); Sw. Bell Tel. Co. v. Garza, 164 S.W.3d 607, 627 (Tex.
2004) (setting out legal sufficiency standard of review); In re C.H., 89
S.W.3d 17, 25, 28 (Tex. 2002) (setting out factual sufficiency standard).





[8]See Tex. Health & Safety Code Ann. '
574.035(a)(2)(C)(iii), (e).  In light of
our holding regarding this issue, we need not consider appellant=s
legal and factual sufficiency challenge to the jury=s
findings on the alterative grounds that appellant is likely to cause serious
harm to himself or others as a result of his mental illness.  See id. '
574.035(a)(2)(A)B(B); Tex. R. App. P. 47.1.





[9]Id. ' 
574.036(a)B(b)
(Vernon 2003); Sims v. State, 816 S.W.2d 502, 508 (Tex. App.CHouston
[1st Dist.] 1991, writ denied).





[10]Tex. Health & Safety Code Ann. ' 
574.036(d).





[11]Id. ' 
571.004.





[12]Id. ' 
574.036(e).





[13]Tex. Health & Safety Code Ann. '
574.106(a-1)(1) (Vernon Supp. 2006).